LAND, J.
 

 The Vidalia Bank & Trust Company obtained judgment against the defendants, L. K. and E. M. Purcell, on December 15, 1923, for the sum of $29,957.35, and certain live stock placed on the Whitehall plantation by defendants as owners, for the use, service, and improvement of said plantation, were seized and sold under said judgment, and were purchased by M. Bernstein for the sum of $1,490- cash.
 

 Defendants acquired- the Whitehall plantation from Thos. L. Cagle, who, prior to the sale to them, had granted to R. T. Clark, third opponent, a special mortgage on the place to secure a note of $65,000, made by Cagle to his own order and indorsed by him in blank.
 

 The live stock were not described in the act of mortgage, and defendants purchased the plantation cum onere.
 

 The act of mortgage was recorded on October 20, 1917, in the parish of Concordia, in which the Whitehall plantation is situated.
 

 The third opponent asserts that, by virtue of his special mortgage, he is entitled to be paid the proceeds of the sale of the live stock, amounting to $1,490, in preference to petitioner, the seizing creditor.
 

 R. T. Clark has appealed from the judgment of the lower court disallowing and rejecting his demands and dismissing his opposition at his costs.
 

 It is admitted, in the agreed statement of fact, made between the parties, that the third opponent is the holder and owner of the mortgage note of Cagle for the sum of $65,000. There is no dispute between plaintiff bank and the third opponent as to the amount of the note, nor as to the validity of the special mortgage. Only the alleged right of the third opponent to claim the proceeds of the sale of the live stock under the mortgage is denied by the Vidalia Bank & Trust Company.
 

 The only amount in dispute or fund to be distributed in the case is the sum of $1,490, representing the proceeds of the sale of the live stock seized under the judgment obtained by plaintiff bank against defendants. This amount is clearly below our appellate jurisdiction, as it does not exceed the sum of $2,000. Const. 1921, art. 7, § 10.
 

 It is provided in section 1 of article 7 of the present Constitution that:
 

 “In' all cases where there is an appeal from a judgment on a reconventional or other incidental demand, the appeal shall lie to the court having jurisdiction of the main demand. If there be no right of appeal on the main demand, the appeal shall lie to the court having jurisdiction of the reconventional demand.”
 

 It is clear, under the facts of this case, that no right of appeal lies to this court on the main demand of plaintiff bank, as said demand has been merged into a final judgment, under which the live stock has been seized and sold, and the third opponent does not attack this judgment in any way.
 

 As the holder of the mortgage note, the third opponent is not seeking to obtain a judgment on the note against plaintiff bank.
 

 The only issue in the ease raised by the third opponent is as to his right to have his debt paid by preference out of a fund of $1,-490, in the hands of the sheriff. The only fund to be distributed is this amount.
 

 As this court is without appellate jurisdiction, the ease will be transferred to the proper appellate court.
 

 It is therefore ordered that this case fie
 
 *799
 
 transferred to the Court of Appeal for the Second Circuit of this state, and that the third opponent, appellant, pay the costs of the appeal.